## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**HEIMERL LAW FIRM**
Wolfgang Heimerl, Esq.
Robert J. Kinney, Esq.
30 Wall Street, 8th Floor
New York, New York 10005

Attorneys for the Plaintiff

| | |
|---|---|
| SHENZHEN SMISS TECHNOLOGY CO., LTD.,<br><br>                           Plaintiff,<br><br>    v.<br><br>MYLE VAPE, INC., KYLE LTD., MVH II, INC., ARIEL ABRAM GORELIK, NISIM BABABEKOV, and ALEXY GOGUS,<br><br>                          Defendants. | **CIVIL ACTION**<br><br>Case No. _____<br><br>**<u>COMPLAINT</u>** |

## NATURE OF THE ACTION

1.      This is an action for breach of contract and account stated resulting from the Defendants' failures to pay monies to the Plaintiff after the Plaintiff delivered purchased product to the Defendants under the terms of a "Confidential Assignment and Supply Agreement" ("Agreement") executed by the parties on or about March 4, 2021.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this matter by virtue of 28 U.S.C. § 1332(a)(1).  The Plaintiff is a Chinese company with its principal place of business in Shenzhen, China. Defendant Myle Vape, Inc. ("Myle") maintains its principal place of business at 845 Third Avenue, New York, New York 10022.  Defendant Kyle, Ltd., ("Kyle") maintains its principal place of business at 695 Grand Avenue, Ridgefield, New Jersey 07657.  Defendant MVH II, Inc., maintains its principal place of business at 695 Grand Avenue, Ridgefield, New Jersey

07657.  Defendants Ariel Abram Gorelik, Nisim Bababekov and Alexy Gogus reside in Florida and New York State.

3.      Venue is proper in this Court because the Defendant Myle maintains its principal place of business in New York City and because, under the Agreement, the parties agreed that venue would exclusively be in the state or federal courts of New York (*See,* Section 20.1 of the Agreement, a true and correct excerpted copy of which is attached as Exhibit A).

## THE PARTIES

4.      The Plaintiff Shenzhen Smiss Technology Co., Ltd., ("Smiss") is a Chinese company with principal place of business at 5-7 F, Kenuo Building, High-Tech Industrial Park, No. 7 Road, Tongguan Avenue, Guangming New District, Shenzhen, China.  Smiss manufactures nicotine-delivery products.

5.      The Defendant Myle Vape, Inc., is a New York corporation with a principal place of business at 845 Third Avenue, New York, New York 10022.  Myle is a distributor of nicotine delivery products.

6.      The Defendant Kyle, Ltd., is a California corporation with a principal place of business at 695 Grand Avenue, Ridgefield, New Jersey 07657.   Kyle is a distributor of nicotine delivery products.

7.      The Defendant MVH II, Inc., is a New York corporation with a principal place of business at 695 Grand Avenue, Ridgefield, New Jersey 07657.

8.      The Defendant Ariel Abram Gorelik is, upon information and belief, the Chief Executive Officer ("CEO") of the Defendant Kyle and the CEO and majority shareholder of the Defendant Myle.  Mr. Gorelik is also the registered agent for the Defendant MVH, II, Inc.  Mr. Gorelik resides at 17690 Middlebrook Way, Boca Raton, Florida 33496.

2

9.      The Defendant Nisim Bababekov is, upon information and belief, the Chief Operating Officer ("COO") and major shareholder of the Defendant Myle.  Mr. Bababekov resides at 8085 Chevy Chase Street, Jamaica, New York 11432.

10.     The Defendant Alexy Gogus is, upon information and belief, the Secretary and Chief Financial Officer ("CFO") of the Defendant Kyle and the Chief Managing Officer ("CMO") of the Defendant Myle.  Mr. Gogus resides at 457 Winchester Avenue, Staten Island, New York 10312.

## STATEMENT OF FACTS

11.     The parties entered into the Agreement on or about March 4, 2021.  As is relevant to this action, the Plaintiff, a manufacturer of nicotine-delivery systems ("Products"), agreed to supply Products to the Defendants, who would then market the Products to purchasers in the United States.  (*See*, Section 5 of the Agreement).

12.     Section 5.12 of the Agreement authorizes the Plaintiff to invoice the Defendants upon receipt by the Plaintiff of a Purchase Order, and the Defendants thereafter were obligated to pay a 30% down-payment on the purchase price within five (5) days after delivery of the Purchase Order to the Plaintiff.   The remaining 70% of the purchase price was to be paid by the Defendants "from the date when Smiss completes shipping of the Supplied Products pursuant to the Purchase Order." *Id.*

13.     Section 5.12.3 of the Agreement expressly provides that the Defendants shall have "no right, under this Agreement, any Purchase Order, any other agreement, document or law to, withhold, offset, recoup or debit any amounts owed (or to become due and owing) to Smiss . . . against any amount owed . . . to [Defendants] . . . whether relating to Smiss's or its Affiliates breach or non-performance of this Agreement, any Purchase Order, or any other agreement

between (a) [Defendants] or any of its Affiliates and (b) Smiss or any of its Affiliates, or otherwise."   In other words, Defendants are required to make payments for Product even if Plaintiff or Defendants are in breach of any other provision of the Agreement and whether or not Defendants are owed monies resulting from such breach.

14.     From the date the Agreement was executed, Defendants submitted fifteen (15) purchase orders, totaling $25,069,775.17.   The last purchase order was submitted to Plaintiff on December 15, 2021.  However, Defendants have only paid $20,155,773.59 toward the balance of these orders, and owe the Plaintiff $4,914,001.58.

15.     Individual Defendants Alexy Gogus, Ariel Abram Gorelik, and Nisim Bababakov have, over the last several months, diverted to themselves accounts receivable of Myle and Kyle, rather than using funds received to pay the Plaintiff for its products, and have therefore converted such monies to their personal use in breach of the Agreement.

16.     Despite demands made to the Defendants for payment, no additional payments have been made.  Defendants are therefore in default of the Agreement.

17.     Under Section 14 of the Agreement ("Notice of Default"), a defaulting party shall be given written notice of default and the defaulting party thereafter has 30 days to cure the default. *Id.*, Section 14.1.

18.     Defendants were provided written Notice of Default by the Plaintiff on April 1, 2022. (A true copy of the Notice of Default is attached as Exhibit B).

19.     The Defendants had until May 1, 2022 to cure the default by paying Smiss the outstanding balance owed, plus interest, as required by the Agreement.

20.     Defendants did not cure their default by May 1, 2022, and a Notice of Termination was therefore sent to the Defendants, as per Section 5.17 of the Agreement.

21.     Pursuant to Section 5.12.2 of the Agreement, any payment made later than 45 days after the shipping date shall incur interest "calculated daily and compounded monthly at the lesser of the rate of 1% per month or the maximum rate permitted by applicable law." (*See*, Exhibit A, Section 5.12.2).

22.     As of the date hereof, $84,850.16 of interest has accrued, and continues on a daily basis on the amounts unpaid by the Defendants.

23.     Section 5.12.2 of the Agreement also provides that "[Defendants] shall also reimburse Smiss for all costs incurred by Smiss in collecting any late payments, including reasonable attorneys' fees and court costs."

**COUNT I**
**Breach of Contract**

24.     The Plaintiff incorporates by reference herein paragraphs 1 through 23 as if fully set forth at length and in detail, below.

25.     Section 5.12 of the Agreement details the obligations of the parties to each other under the Agreement.

26.     Upon submission of a Purchase Order, Defendants were required to tender 30% of the total purchase price within 5 days of the date of the purchase order, and the remaining 70% of the purchase price 30 days after the Plaintiff shipped the Product to the Defendants.  (*See,* Section 5.12 of the Agreement).

27.     The Defendants have not tendered all payments owed to the Plaintiff.

28.     Under the terms of the Agreement, the Plaintiff is owed the unpaid Product costs $4,914,001.58, together with interest in the amount of $84,850.16 (which continues to accrue on a daily basis), as well as the costs of collection in the minimum amount of $10,000.

WHEREFORE, the Plaintiff demands that this Court enter Judgment in favor of the Plaintiff and against the Defendants, jointly and severally:

A.      Holding the Defendants in default of the Agreement; and

B.      Ordering the Defendants to immediately pay to the Plaintiff $4,914,001.58 in monies owed under the Agreement plus $84,850.16 in interest; and

C.      Ordering the Defendants to pay the Plaintiff's attorneys fees and costs in an amount of not less than $10,000; and

D.      Ordering such other, further and/or different relief as the Court deems just and proper.

## COUNT II
## Account Stated

29.     The Plaintiff incorporates by reference herein paragraphs 1 through 28 as if fully set forth at length in detail, below.

30.     Under Section 5.12 of the Agreement, Defendants submitted purchase orders to the Plaintiff for agreed upon amounts for the Product to be delivered by the Plaintiff to the Defendants.    Defendants do not dispute that the purchase orders submitted to the Plaintiff accurately and completely reflect the prices that the Defendants were to pay for Product sold to them by the Plaintiff.

31.     Under Section 5.12 of the Agreement, the Defendants promised to pay 30% of the agreed price within 5 days of submission of the purchase order, and the balance (70%) upon the Plaintiff completing shipment of Product to the Defendants.

32.     The Plaintiff has duly issued invoices for the amounts due to Defendants.

33.     The Defendants, despite receiving the Plaintiff's invoices, and without valid objection thereto, have not tendered all payments owed to the Plaintiff as accounts stated.

6

34.     Under the terms of the Agreement, the Plaintiff is owed the unpaid product costs of $4,914,001.58, together with interest in the amount of $84,850.16 (which continues to accrue on a daily basis), as well as the costs of collection in the minimum amount of $10,000.

WHEREFORE, the Plaintiff demands that this Court enter Judgment in favor of the Plaintiff and against the Defendants, jointly and severally:

A.     Holding the Defendants in default of the accounts stated; and

B.     Ordering the Defendants to immediately pay to the Plaintiff $4,914,001.58 in monies owed under the Agreement, plus $84,850.16 in interest; and

C.     Ordering the Defendants to pay the Plaintiff's attorneys fees and costs of bringing this lawsuit in the minimum amount of not less than $10,000; and

D.     Ordering such other, further and/or different relief as the Court deems just and proper.

## COUNT III
## Unjust Enrichment

35.     The Plaintiff incorporates by reference herein paragraphs 1through 34 as if fully set forth at length and in detail, below.

36.     Section 5.12 of the Agreement details the obligations of the parties to each other under the Agreement.

37.     Upon submission of a Purchase Order, Defendants were required to tender 30% of the total purchase price within 5 days of the date of the purchase order, and the remaining 70% of the purchase price 30 days after Plaintiff shipped the Product to the Defendants.  See Section 5.12 of the Agreement.

38.     The Plaintiff has shipped the Product in accordance with the Defendants' purchase orders.

39.     The Defendants, despite receipt of the Product, have not tendered all payments owed to the Plaintiff.

40.     Individual Defendants Alexy Gogus, Ariel Abram Gorelik, and Nisim Bababakov have, instead, diverted to themselves accounts receivable of Myle and Kyle, rather than using funds received to pay the Plaintiff for its products, and have enriched themselves personally and at the expense of the Plaintiff.

41.     By failing to make its payments to the Plaintiff under the Agreement, the Defendants have been unjustly enriched to an amount at least equal to $4,914,001.58, plus $84,850.16 in interest, to the detriment of the Plaintiff and its business.

        WHEREFORE, the Plaintiff demands that this Court enter Judgment in favor of the Plaintiff and against the Defendants, jointly and severally:

        A.     Holding the Defendants in default of the Agreement; and

        B.     Holding that the Defendants have been unjustly enriched by their failure to pay the Plaintiff all monies owed under the Agreement; and

        C.     Ordering the Defendants to disgorge all unjustly retained monies and immediately pay to the Plaintiff at least $4,914,001.58, plus $84,850.16 in interest as required by the Agreement; and

        D.     Ordering the Defendants to pay the Plaintiff's attorneys fees and costs of bringing this lawsuit in the minimum amount of not less than $10,000; and

        E.     Ordering such other, further and/or different relief as the Court deems just and proper.

## COUNT IV
### Fraudulent Conversion

42.     The Plaintiff incorporates by reference herein paragraphs 1through 41 as if fully set forth at length and in detail, below.

43.     Section 5.12 of the Agreement details the obligations of the parties to each other under the Agreement.

44.     Upon submission of a Purchase Order, Defendants were required to tender 30% of the total purchase price within 5 days of the date of the purchase order, and the remaining 70% of the purchase price 30 days after Plaintiff shipped the Product to the Defendants.  See Section 5.12 of the Agreement.

45.     The Plaintiff has shipped the Product in accordance with the Defendants' purchase orders.

46.     The Defendants, despite receipt of the Product, have not tendered all payments owed to the Plaintiff.

47.     Individual Defendants Alexy Gogus, Ariel Abram Gorelik, and Nisim Bababakov have, instead, converted to their own personal use accounts receivable of Myle and Kyle that should have been used to pay the Plaintiff for its products.  The individual Defendants have falsely stated that the delinquent payments would be made, and have instead paid themselves from funds due to the Plaintiff.

48.     By failing to make its payments to the Plaintiff under the Agreement, the Defendants have defrauded the Plaintiff to an amount at least equal to $4,914,001.58, plus $84,850.16 in interest, to the detriment of the Plaintiff and its business.

        WHEREFORE, the Plaintiff demands that this Court enter Judgment in favor of the Plaintiff and against the Defendants, jointly and severally:

A.     Holding the Defendants in default of the Agreement; and

B.     Holding that the Defendants have fraudulently converted monies owed to the Plaintiff under the Agreement; and

C.     Ordering the Defendants to disgorge all fraudulently converted monies and immediately pay to the Plaintiff at least $4,914,001.58, plus $84,850.16 in interest as required by the Agreement; and

D.     Ordering the Defendants to pay the Plaintiff's attorneys fees and costs of bringing this lawsuit in the minimum amount of not less than $10,000; and

E.     Ordering such other, further and/or different relief as the Court deems just and proper.

Respectfully Submitted,

Wolfgang Heimerl, Esq.
Attorney for the Plaintiff